UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **DAMONTA T. JOHNSON** | **CIVIL ACTION NO. 21-3729** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN BAYOU CORRECTIONAL CENTER, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Damonta T. Johnson, a prisoner at Bayou Correctional Center ("BCC") proceeding pro se and in forma pauperis, filed this proceeding on approximately October 20, 2021, under 42 U.S.C. § 1983. He names the following defendants: Warden of BCC, a security officer at BCC, Warden Bowner, Captain Kees, and Sergeant Walley.[1] For reasons below, the Court should dismiss Plaintiff's claims.

### Background

In Plaintiff's initial pleading, he seeks only a transfer to a state facility that offers rehabilitation and re-entry classes and programs, G.E.D. classes, good-time classes, work-release programs, drug-prevention programs, N.A. meetings, anger-management classes, and a "Tips style class[.]" [doc. # 1, pp. 1, 4, 6, 11].

Plaintiff filed a second pleading on November 17, 2021, claiming for the first time that his "facility constantly violates [his] civil liberties" by making him pay for toilet paper and soap, blocking his mail, disposing of clothing he bought from the commissary, refusing to provide the

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

addresses and names of judges to which he wishes to write, making him pay to use the telephone, and refusing accesses to the law library. [doc. # 4, p. 3]. He also claims that "staff members" use a racial epithet when referring to him. *Id.* at 5.

In addition to a transfer, Plaintiff seeks "relocation to home incarceration" and credit for "previously completed courses (vocational training/behavioral re-conditioning)[.]" *Id.* at 4.

Plaintiff filed a third pleading on approximately January 3, 2022. [doc. # 9]. He tentatively claims that Warden Bowner does not provide a "proper" good-time credit class for prisoners in the Department of Corrections.

Plaintiff also claims that Captain Kees harasses him by strip-searching him. *Id.* He claims that Sergeant Walley harasses him "by making threats[.]" *Id.* And he claims that Warden Bowner harasses him by threatening to shoot him with a paint gun and spray mace in his mouth. *Id.*

Plaintiff alleges that someone roughly grabbed him, strip-searched him for no reason, and placed him in "the hole[.]" *Id.*

Plaintiff once more asks the Court to transfer him to "home confinement[,]" where he can apply for rehabilitation programs, anger-management classes, and N.A. meetings. *Id.*

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations

578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

---

of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Transfer**

Plaintiff primarily seeks a transfer to a state facility. A prisoner, however, has no

constitutional right to be housed in any particular facility or transferred from one facility to another, even if conditions and amenities in one may be preferable to another. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Fuselier v. Mancuso*, 354 F. App'x 49, 2009 WL 3780729, at *1 (5th Cir. Nov. 12, 2009). "The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement." *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("[T]he State may confine [a prisoner] and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution.").

Moreover, in Louisiana, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The secretary of the department may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training, and security needs established by the department." LA. REV. STAT. §15:824(A).

Here, as Plaintiff has no federal constitutional right to be transferred to, or confined in, a place of his choosing, and because Plaintiff's placement lies solely in the purview of the Department of Public Safety and Corrections, the Court should dismiss his request for a transfer.

**3. Habeas Corpus Relief**

Plaintiff asks the Court to confine him at his home rather than in an incarceration facility. This constitutes a request for release from custody for habeas corpus purposes. *Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 739 (5th Cir. 2020) (finding that a prisoner's request to "be moved to home confinement" was a request for "release from custody for *habeas* purposes, even though the state retains a level of control over the releasee.").

Habeas corpus relief is unavailable through a civil rights action. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "A habeas petition . . . is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The Court should therefore dismiss Plaintiff's habeas corpus request from this civil rights action.

Plaintiff may pursue his request for release from custody in a habeas corpus action. The undersigned cautions that Plaintiff must first exhaust all of his available *state* remedies before he may obtain habeas corpus relief in this Court. The undersigned also cautions Plaintiff that habeas corpus relief is generally unavailable as a remedy for claims that are not related to the cause of a prisoner's confinement. *See generally Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976).

**4. Conclusory Request for Relief**

Plaintiff's only remaining request for relief is for "credit of previously completed courses (vocational training/behavioral re-conditioning)." However, Plaintiff does not join this request to any plausible claim, identify a responsible defendant, or explain how his lack of class credit violates federal law or his constitutional rights.

At bottom, Plaintiff does not seek any cognizable relief; thus, the Court should dismiss his claims.

**5. Plaintiff's Motion for Summonses and Transfer**

Plaintiff moves the Court to issue summonses for defendants and to transfer him to another facility. [doc. # 7, p. 1]. As to the latter request, the undersigned reiterates that Plaintiff has no federal constitutional right to be transferred to, or confined in, a place of his choosing, and

his placement lies solely in the purview of the Department of Public Safety and Corrections. As to the former request, Plaintiff may not summon any defendants to this Court because he fails to plead any plausible claims. Thus, the Court should deny Plaintiff's motion.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Damonta T. Johnson's request for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** to his right to pursue the relief in a separate habeas corpus proceeding after he exhausts all of his state remedies.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion, [doc. # 7], be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 8th day of February, 2022.

_____
Kayla Dye McClusky
United States Magistrate Judge